UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBORAH K. SAMONS,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

Case No. 1:15-CV-1166

HON. JANET T. NEFF

**OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff Deborah Samons seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

**STANDARD OF REVIEW**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was forty-eight years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.46, 98, 108.) She completed high school, attended one year of college, and was previously employed as a health care aide. (PageID.90–91.) Plaintiff applied for benefits on November 28, 2012, alleging that she had been disabled since September 1, 2011, due to hip degeneration, disc disease, neck and back problems, fibromyalgia, and high blood pressure. (PageID.98, 108, 185–192.) Plaintiff's applications were denied on April 30, 2013, after which time she requested a hearing before an ALJ. (PageID.122–142.) On March 20, 2014, Plaintiff appeared with her counsel before ALJ Richard Gartner for an administrative hearing with testimony being

offered by Plaintiff and a vocational expert (VE). (PageID.65–96.) That same day, Plaintiff amended her alleged onset date to June 1, 2012. (PageID.205.) In a written decision dated May 22, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.46–60.) On September 9, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.34–38.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Gartner determined that Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.51.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disease of the lumbosacral spine; (2) degenerative disease of the cervical spine; (3) asthma; and (4) hypertension. (PageID.51–52.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.52.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform a limited range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with no climbing of ropes, ladders, or scaffolds; with no more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; with no more than occasional use of the upper or lower extremities for overhead reaching, or pushing/pulling, including the operation of hand levers or foot pedals; and with no exposure to dangerous machinery or unprotected heights.

(PageID.52.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of her past relevant work. (PageID.54.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform other work as a general office clerk (142,000 jobs), information clerk (88,000 jobs), and sorter / packer (87,000 jobs). (PageID.91–92.) Based on this record, the ALJ found that Plaintiff

was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.55.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from her alleged onset date through May 22, 2014, the date of decision. (PageID.55–56.)

## DISCUSSION

### 1. The ALJ's Evaluation of the Opinion Evidence.

On February 6, 2013, Dr. Horace Davis, D.O., completed a two page RFC questionnaire regarding Plaintiff's impairments. (PageID.276–277.) Among other things, Dr. Davis noted that Plaintiff's impairments were of such as severity that they would constantly interfere with her attention and concentration. Plaintiff would need to recline or lie down during the workday in excess of time allotted for typical breaks. Plaintiff could not sit, stand, or walk each for even one hour total in a workday. (PageID.276.) Plaintiff could only occasionally lift and carry ten pounds, and would be expected to miss work more than four times a month. Ultimately, Dr. Davis indicated that Plaintiff was not physically capable of working a full time job on a sustained basis. (PageID.277.) On March 17, 2014, Dr. Davis filled out an identical worksheet providing identical limitations. (PageID.334–335.) The ALJ found that Dr. Davis's opinions were not "entitled to any weight:"

> The limitations imposed by Dr. Davis are inconsistent with the overall evidence of record, including the visit reports of Dr. Davis, himself. In each of his statements, this doctor expresses his opinion that the claimant is not able to sit, or stand/walk, for any period of time during an eight hour day (Exhibits 1F, 6F). However, on the same date as the latter statement, Dr. Davis saw the claimant and noted that she had a normal gait and station (Exhibit 7F); and he said, in his opinion statement, the totally inconsistent opinion that she could walk for up to four blocks without having to rest, could stand/walk for ten minutes at a time, and could sit for fifteen minutes

> at a time (Exhibit 6F). Clearly, there is no basis to suggest the claimant is limited to a greater extent than the residual functional capacity found by the undersigned.

(PageID.54.) Plaintiff claims the ALJ's discussion is fatally flawed. The Court disagrees.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). It is undisputed that Dr. Davis qualifies as a treating physician.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979 at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and

the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376–77.

Plaintiff argues the ALJ erred in failing to assign controlling weight to the opinion of Dr. Davis, first noting that there was no opinion evidence that contradicted Dr. Davis' opinion. (PageID.379.) But opinion evidence in contradiction to a treating physician's opinion is not what is required in the treating physician doctrine, and is a misreading of the authority set forth above. Indeed, the ALJ found that the opinion was contradicted-by Dr. Davis' own treatment records. As the ALJ noted, a March 17, 2014, treatment note from Dr. Davis found that Plaintiff had a smooth gait and upright posture. (PageID.339.) The ALJ reasonably found such to be inconsistent with the doctor's opinion that Plaintiff would be unable to stand or walk for even one hour total during the workday. Plaintiff argues that the note also found decreased range of motion and tenderness on the lumbar spine. (PageID.339.) True enough, but such does nothing to resolve the inconsistency between the doctor's opinion and his notation that Plaintiff had a smooth gait. Moreover, the ALJ found the opinion itself to be internally inconsistent between its finding that Plaintiff could not stand, sit, or walk for even an hour in the workday, but she was able to walk two to four blocks without rest, sit for fifteen minutes at any one time, and stand or walk for ten minutes. (PageID.276.) Together, these provide good reasons, supported by substantial evidence, for assigning less than controlling weight to the opinion.

Plaintiff also argues the ALJ failed to evaluate the factors for weighing medical opinions found at 20 CFR §§ 404.1527(c), 416.927(c). (PageID.379.) Plaintiff is correct that even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected. Rather the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See* SSR 96–2p, 1996 WL 374188 at *4; *see also Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 372 (6th Cir. 2006). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g.*, *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 F. App'x 448, 450 (5th Cir. 2007). The ALJ gave sufficient consideration here. In addition to noting his obligation to consider the factors (PageID.54), the record shows the ALJ considered the fact that Dr. Davis was Plaintiff's family physician. He also discussed scans ordered by the doctor which revealed a disc protrusion at C5-6, and degenerative disc disease in the lumbosacral spine. (PageID.52.) The ALJ reasonably found, however, that other factors, including consistency and supportability, did not support the doctor's opinion.

Even if the ALJ somehow erred here, any error would be harmless. Both of Dr. Davis's opinions are short, two page worksheets that consist of short fill-in-the-blank and check-box answers. They are entirely unaccompanied by any explanation, treatment notes, or rationale for the severity of the opinions. The Sixth Circuit has recently reiterated that such form reports, without accompanying explanation, constitute "weak evidence at best" and meets the "patently deficient standard." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016). Accordingly, this argument is rejected.

8

Plaintiff further argues the ALJ erred in failing to assign weight to an opinion from a consultative examiner, Dr. Bharti Sachdev, M.D. (Page.378.) It appears Plaintiff claims the ALJ should have weighed Dr. Sachdev's statement that she "has chronic lower back pain with decreased mobility and mainly the complaint of right hip pain." (PageID.305.) Plaintiff acknowledges the lack of functional limitations in Dr. Sachdev's report, but argues the report "gave some credence to [her] complaints of pain and further support for the treating source opinion of Dr. Davis." (PageID.378.)

Because Dr. Sachdev was not a treating physician, the ALJ was not "under any special obligation to defer to [his] opinion or to explain why he elected not to defer to it." *Karger v. Comm'r of Soc. Sec.*, 414 F. App'x 739, 744 (6th Cir. 2011); *see Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539–40 (6th Cir. 2014). The opinions of a consultative examiner are not entitled to any particular weight. *See Peterson* at 539; *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012). While the ALJ is required to give "good reasons" for the weight assigned a treating source's opinion, *see Wilson*, 378 F.3d at 545, this articulation requirement does not apply when an ALJ rejects the report of a non-treating medical source, *see Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). However, "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (internal quotation marks omitted).

Here, the ALJ thoroughly discussed Dr. Sachdev's report, but did not appear to treat the report as offering a medical opinion by assigning any weight to the report. (PageID.53.) "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your

9

symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Relying on this definition, the Commissioner argues Plaintiff has failed to point to a medical opinion within Dr. Sachdev's report. (PageID.396.) Ultimately, the Court need not decide this, assuming arguendo, that Plaintiff is correct, the ultimate question is whether the ALJ's decision is supported by substantial evidence. *See Dykes ex rel. Brymer v. Barnhart*, 112 F. App'x 463, 468 (6th Cir. 2004). Here, Plaintiff has failed to demonstrate that Dr. Sachdev's report that Plaintiff "has chronic lower back pain with decreased mobility and mainly the complaint of right hip pain" is in any way inconsistent with the limitations provided by the ALJ that, among other things, limited Plaintiff to a sedentary RFC. *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 839 (6th Cir. 2005).

For all the above reasons, this claim of error is rejected.

**2.     The ALJ's RFC Determination.**

Finally, Plaintiff argues that because the ALJ rejected Dr. Davis' opinion, the ALJ "thus formulated [the RFC] upon the bare medical record . . . [and] succumbed to the temptation to make his own medical findings." (PageID.381–383.) A review of the decision demonstrates that the ALJ's RFC determination is based on substantial evidence, not the ALJ's own lay opinion.

When determining a claimant's RFC, "[i]t is well established that the ALJ may not substitute his medical judgment for that of the claimant's physicians." *Brown v. Comm'r of Soc. Sec.*, No. 1:14–CV–236, 2015 WL 1431521, *7 (W.D. Mich. Mar. 27, 2015) (citing *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006)); *see Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Charter*, 98 F.3d 966, 970 (7th Cir. 1996)) ("ALJs must not succumb to the temptation to play doctor and make their own independent medical

findings."). However, when evaluating the claimant's RFC, the ALJ is not required to base his RFC findings entirely on a physician's opinion. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (quoting SSR 96–5p) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, 'would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.'"). Importantly, "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

The Court concludes the ALJ acted squarely within his authority in determining Plaintiff's RFC. It is the ALJ who has the ultimate responsibility for assessing a Plaintiff's RFC, based on all of the relevant evidence. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("The ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [their] residual functional capacity.") It not the ALJ's burden to seek out medical opinions to prove or disprove a disability claim. *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015). Rather, it is the Plaintiff's obligation to provide evidence to support her claim of disability. 20 CFR §§ 404.1512(c), 416.912(c). The medical evidence in this case has not confirmed the presence of a disabling impairment. Contrary to Plaintiff's conclusions, the ALJ did not play doctor in this case. Rather, the ALJ determined that the medical evidence did not support Plaintiff's claim of disability and that the evidence presented was inconsistent with Dr. Davis's opinion. This claim of error accordingly fails.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision is **AFFIRMED**. The Court further determines that an appeal of this matter would not be taken in good faith. *See Smith v. Comm'r of Soc. Sec.*, 1999 WL 1336109, at *2 (6th Cir., Dec. 20, 1999); *Leal v. Comm'r of Soc. Sec.*, 2015 WL 731311, at *2 (N.D. Ohio, Feb. 19, 2015); *see also* 28 U.S.C. § 1915(a)(3). A separate judgment shall issue.


Dated:      November 30, 2016              /s/ Janet T. Neff
                                          JANET T. NEFF
                                          United States District Judge